A89A0747. FLOYD v. THE STATE.
(382 SE2d 668)

SOGNIER, Judge.

Charles James Floyd was convicted of possession of marijuana with intent to distribute and he appeals.

Appellant contends in his sole enumeration of error that the trial court erred by denying his motion to suppress evidence seized pursuant to a search warrant because the warrant was not supported by sufficient facts or information to provide probable cause. Specifically, appellant argues the State failed to present sufficient evidence of the

reliability of the informant.

The affidavit provided that the affiant, Special Agent Mike George, was notified by a confidential informant that marijuana and cocaine were present at appellant's residence, that the informant had visited appellant within the past ten days and seen marijuana and cocaine at the residence and had overheard appellant discussing the sale of the contraband. Agent George averred that he had never in the past received information from this source but that while he was receiving the information, he noted that the informant displayed a truthful demeanor, had apparent motive for supplying the information, and has a personal connection with appellant. The affidavit contained detailed instructions on how to reach appellant's residence, a mobile home on an unnamed dirt road in Sumter County, and described in depth the mobile home, the outlying building, and various mechanical equipment in the outlying building. The affidavit noted that independent investigation had confirmed that appellant did reside at that location and that the directions to the residence were correct. The affidavit also contained the statement that appellant "has a reputation in the law enforceme[nt] community as being involved in illegal drugs."

We find the information provided to the magistrate to support the issuance of a search warrant was sufficient under the "totality of the circumstances" analysis as set forth in *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). The information provided detailed directions to appellant's residence, confirmed as accurate by police officers prior to seeking the affidavit, see *Walker v. State*, 146 Ga. App. 572 (1) (246 SE2d 690) (1978); the affidavit properly included appellant's reputation in the law enforcement community, see *Hayes v. State*, 182 Ga. App. 319, 320 (1) (355 SE2d 700) (1987); and the affiant noted in the affidavit the informant's truthful demeanor and the informant's personal connection with appellant. See *Futch v. State*, 178 Ga. App. 115, 116 (1) (342 SE2d 493) (1986). " ' "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth . . . before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for concluding that probable cause existed." ' [Cit.] . . . Using the common-sense approach under the totality of circumstances rule, it is acknowledged that this is a type of subjective finding by the court on a case by case basis. In making a judgment call here, seemingly we must 'quibble as little as possible on words, and go directly to the substance.' [Cit.] There is enough substance here; therefore, the judgment should be affirmed." *Bradford v. State*, 184

Ga. App. 459, 460-461 (3) (361 SE2d 838) (1987).
*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 16, 1989.

*J. Michael Greene*, for appellant.
*John R. Parks, District Attorney*, for appellee.