## A90A1210. HUNTER v. THE STATE.
### (400 SE2d 641)

COOPER, Judge.

Appellant was convicted in a bench trial of manufacturing marijuana in violation of the Georgia Controlled Substances Act. The sole enumeration of error is that the trial court erred in denying his motion to suppress because probable cause for the issuance of the warrant was lacking and the warrant was illegally executed. Specifically, appellant argues that the supporting affidavit was false and misleading in its characterization of the informant as "reliable," in its assertion that marijuana had been observed within three weeks of the date of the affidavit and in its misrepresentation of the corroborating evidence. In addition, appellant contends the police wrongfully entered his home by force at 1:00 a.m., kicking the door down without knocking or otherwise announcing their presence.

When requesting the warrant, the only information which affiant gave to the magistrate was that contained in the affidavit supporting the warrant. The affidavit provided that the affiant, an investigator in the narcotics unit of the sheriff's department, was notified by a confidential informant that three weeks prior to the date of the affidavit informant had been in appellant's home with appellant's grandson and had observed approximately 200 live marijuana plants varying in height, large lamps used to grow marijuana and three trash cans containing suspected marijuana in appellant's basement. The informant stated that the basement windows were covered with boards on the inside of the house, and dirt had been pushed against the windows outside to prevent the plants from being seen outside the residence. Affiant represented that this information had been "proven to be true and correct" within the past 72 hours primarily based upon a telephone conversation, monitored by another officer, between the informant and appellant's grandson in which the grandson confirmed the fact that the two had been to the residence and had seen the marijuana three weeks before in the various stages of growth as previously described by the informant. The grandson also stated that the marijuana was still in the house, and when asked if the two could return to the house to get marijuana, he replied that they would have to wait a couple of weeks because appellant found out they had taken marijuana on their earlier visit by discovering marijuana leaves which the two dropped on the floor. The affidavit noted that affiant's independent investigation with Southern Bell and the tax assessor confirmed that the phone was listed in appellant's name and the house was owned by appellant and Joyce S. Hunter. Affiant also stated that the informant indicated that automatic weapons were present in the house and for that reason affiant requested that a "no knock" clause be included in the search warrant.

1. A search warrant, regular and proper on its face, is presumptively valid, and the burden is on the person who moves to suppress evidence to show that the affiant "engaged in misconduct in executing the affidavit or that material misrepresentations were knowingly or recklessly included in the affidavit. . . ." *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989). In the suppression hearing, affiant testified that although he had not received information from the informant in the past, he believed the information was corroborated by the telephone conversation monitored by the other officer and therefore was reliable. Appellant contends that affiant misled the magistrate by neglecting to reveal that affiant had never dealt with this informant before. A review of the affidavit reveals that affiant referred to the informant as "reliable and confidential" throughout the affidavit, never representing that informant was an individual with whom he had an ongoing relationship. We find that the reference to the informant as "reliable and confidential" was not made to deceive the magistrate but was based on affiant's belief that he had corroborated informant's claims. See *Hayes v. State*, 182 Ga. App. 319 (1) (355 SE2d 700) (1987).

Appellant also argues there was a material discrepancy in time between the informant's sighting of the contraband in appellant's home and the representations in the affidavit. The grandson testified that their visit occurred on or about November 30, 1988; however, in the telephone conversation in January, six weeks later, the informant and the grandson stated they had been in appellant's home approximately three weeks before. Notwithstanding the grandson's testimony at the hearing, affiant testified that the informant was not sure of the exact date he had been in appellant's residence. He could only be sure that it was after Thanksgiving. The affidavit reflects what the facts were at the time the warrant was requested, that the two agreed that they had seen the marijuana approximately three weeks before and that several days before the warrant was executed the grandson confirmed that the contraband remained in appellant's home. "It is well recognized that time is an element of probable cause, but 'the precise date of an occurrence is not essential. Rather, the inquiry is as to whether (under the totality of circumstances) the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant.' [Cit.]" *State v. Evans*, 192 Ga. App. 216, 222 (384 SE2d 404) (1989).

Appellant next contends that excluding the verification of the ownership of the house and the telephone listing, affiant's independent investigation failed to sufficiently confirm the informant's claims. Testifying at the hearing, affiant admitted not verifying whether the basement windows were boarded up; however, affiant

stated that he went to the house prior to the search and found that it was some distance from the road on a heavily wooded lot. Affiant drove up the driveway to the house, and although he remained in his vehicle, he observed that the house matched the detailed description given by the informant. Appellant also maintains that the averments regarding the telephone conversation consisted entirely of the second officer's conclusions of what was said and that the grandson did not say he had seen marijuana in appellant's home since the visit with the informant, nor did the grandson specify what amount of marijuana was still present. Our review of the record demonstrates that the grandson's testimony at the hearing was consistent with the second officer's testimony at the hearing and with the statements in the affidavit. We likewise do not find that the corroboration was deficient because the grandson failed to specify how much marijuana remained in appellant's home. To the contrary, although the grandson did not specify an amount, he very graphically described the quality and condition of the marijuana which was still present. " 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth . . . before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that the contraband or evidence of a crime will be found in a particular place. . . . (Cit.)' 'Using the common-sense approach under the totality of circumstances rule, it is acknowledged that this is a type of subjective finding by the court on a case by case basis. In making a judgment call here, seemingly we must "quibble as little as possible on words, and go directly to the substance." ' " *Floyd v. State*, 191 Ga. App. 569, 570 (382 SE2d 668) (1989).

We find that the information submitted to the magistrate in support of the search warrant was sufficient under the "totality of circumstances" test as set forth in *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) and the trial court was correct in denying the motion to suppress. "Decisions on questions of fact and credibility made by the trial court at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Williams*, supra at 678. "As a reviewing court, our duty is simply to ensure that the magistrate or judge had a substantial basis for concluding that probable cause existed. [Cits.] Further, . . ., in close cases where it is not easy to determine if an affidavit demonstrates the existence of probable cause, ' "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded . . . warrants." [Cits.]' Examination of the . . . contents of the affidavit in support of the warrant, using a totality of the circumstances test, reveals that the [magistrate] had a substantial basis for concluding that probable cause existed. [Cit.]" Id. at 681.

2. Compliance with OCGA § 17-5-27 in the execution of a search warrant is not required where the police have a reasonable, good faith belief that forewarning would increase their peril or lead to the immediate destruction of evidence. *Scull v. State,* 122 Ga. App. 696 (1) (178 SE2d 720) (1970). The information provided by the informant regarding the possibility of the presence of automatic weapons in appellant's home, which was included in the affidavit, was sufficient reasonable ground to authorize a "no-knock" search. See *Hout v. State,* 190 Ga. App. 700 (1) (380 SE2d 330) (1989). The warrant in the instant case, however, does not contain a "no-knock" clause. The affiant testified that the magistrate verbally agreed to include the clause in the warrant but instead hand wrote "include 'no knock clause' " on the affidavit. "The mere fact that the issuing magistrate did not expressly authorize a 'no-knock' search is of no consequence. Where there is a " 'good faith belief on the part of the officer' " that the requirements of OCGA § 17-5-27 are obviated, " 'his failure to comply with the formal requirements of that section does not justify the exclusion of the evidence he obtains." [Cits.]' " *Neal v. State,* 173 Ga. App. 71 (2) (325 SE2d 457) (1984). Based on the foregoing, we find that the warrant was properly executed and the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 14, 1990 —
REHEARING DENIED DECEMBER 6, 1990 — ▮▮▮▮▮▮▮▮▮▮

*Wade M. Crumbley,* for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney,* for appellee.