S93A1402. KING v. THE STATE.
(438 SE2d 620)

HUNSTEIN, Justice.

Following a bench trial, Rufus Bernard King was convicted of the malice murders of Louis Moseley and Ruth Moseley and the armed robbery of Louis Moseley and sentenced to three consecutive life sentences.[1] King appeals his conviction contending that the trial court erred in failing to suppress evidence relating to his palm prints and to his blood and that, had the trial court correctly suppressed that evi-

---

[1] The crimes were committed on September 21, 1990. After an earlier indictment was nol prossed and dismissed, King was reindicted on July 29, 1991, by the Bibb County Grand Jury for two counts of malice murder and one count of armed robbery. On July 30, 1991, the State noticed its intention to seek the death penalty. On October 15, 1992, King waived his right to a jury trial in exchange for the State's agreement not to seek the death penalty. King was found guilty on all counts on November 10, 1992. The order denying King's motion for a new trial was entered May 6, 1993. His notice of appeal was filed June 4, 1993. This appeal was docketed on June 22, 1993 and the case was submitted on briefs.

dence, there would not have been sufficient evidence to convict him.[2] For reasons outlined hereinbelow, we affirm.

Evidence adduced at trial authorized the court to find the following: Early on the morning of September 21, 1990, Ruth Moseley telephoned 911 to report that a black man had broken into her house, that she had been cut and that she believed that her husband had been killed. A few seconds later she reported that the intruder was back in the house and that she had been attacked again. The Moseleys' bodies were discovered in their home shortly thereafter by Bibb County sheriff's deputies. Both had been beaten and suffered numerous stab and slash wounds. Although there appeared to have been a struggle in the house, there was no sign of forced entry. Patent bloody palm prints were recovered from a kitchen cabinet and refrigerator, as were samples of dried blood from locations outside and leading away from the house. These blood samples and the bloody palm prints were later determined to match the blood and prints of appellant.

Because the Moseley home was located near Twiggs County, Twiggs County Sheriff Doyle Stone was summoned to the scene. Once there, Stone discussed recent events in Twiggs County with Bibb County authorities and suggested that Bibb County investigators talk to appellant. Stone then went to appellant's grandmother's home, located about two miles from the crime scene, spoke with appellant and photographed his hands which had fresh cuts on them. He returned to the Moseleys' home and gave the photographs to Bibb County investigator Lieutenant Gerald Amos who then went to see appellant. Amos also observed that appellant's hands had fresh cuts with blood droplets still forming. When asked, appellant said he had cut his hands while working on his grandmother's car several days earlier, had reopened the cuts while working on his bicycle the previous night and that following Stone's visit, he had washed his hands and reopened the cuts once again. Upon examination by Amos to determine how the cuts occurred, neither the car nor the bicycle showed any traces of blood.

Based on confirmation by the GBI crime lab analyst that the bloody palm prints matched those given by appellant, a warrant was issued and appellant was arrested on September 24, 1990.

1. Appellant enumerates as error the trial court's denial of his motion to suppress the palm print evidence, contending that his

---

[2] In consideration of the agreements by the State not to seek the death penalty and by King to waive a jury trial, the parties also agreed to stipulate to the results of the DNA testing of blood samples and the results of the GBI Crime Lab testing of the palm prints. The parties further stipulated that the chains of custody as to both blood and prints were proper and complete.

prints were obtained pursuant to an illegal seizure and were not freely and voluntarily given in violation of the Fourth and Fourteenth Amendments. During hearings on appellant's motion, evidence was adduced that several people, including appellant, were asked to come to the Bibb County police headquarters for the purpose of giving palm prints on the afternoon of September 21. Two deputies were sent to appellant's residence to request him to come with them. They arrived in their patrol cars and in uniform, but were not carrying batons. They testified that, had appellant declined to come, he would not have been forced to do so. Appellant was not told that he had to accompany the deputies, but neither was he informed that he did not have to come. Appellant was patted down, but not otherwise restrained before he rode in the front seat of one of the patrol cars. Amos met appellant at headquarters and advised appellant that they wished to secure his palm print. It is uncontroverted that appellant consented, saying "Hell, I ain't got nothing to hide. Roll my prints all day long." Appellant also testified during the hearing on his palm print suppression motion that he did not believe that he was under arrest. Appellant left the headquarters with family members immediately after his prints were taken. The trial court, crediting the testimony of the state's witnesses, concluded that appellant had not been arrested and that he had freely and voluntarily given the palm prints. A review of the suppression hearing record fully supports the trial court's findings of fact and determinations of credibility which, unless clearly erroneous, must be accepted. *Williams v. State*, 256 Ga. 609 (1) (351 SE2d 454) (1987); *Woodruff v. State*, 233 Ga. 840 (3) (213 SE2d 689) (1975). Appellant has not demonstrated that the trial court's findings and determinations were clearly erroneous. Neither do we accept appellant's contention that his detention, though not an "arrest," was nonetheless the sort of illegal detention without probable cause prohibited by *Dunaway v. New York*, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979). The record before us does not support appellant's contention that the state at any time conceded that it did not have probable cause to detain appellant; on the contrary, evidence introduced at the suppression motion hearing, as well as at trial, supports the conclusion that even at the time appellant was driven to police headquarters for the purpose of giving his palm prints, Bibb County authorities had "knowledge and reasonably trustworthy information about facts and circumstances sufficient to warrant a prudent [person] in believing that [appellant] had committed an offense. [Cits.]" *Borden v. State*, 247 Ga. 477, 478 (2) (277 SE2d 9) (1981). See *State v. Grant*, 257 Ga. 123 (1) (355 SE2d 646) (1987). The existence of probable cause together with appellant's unequivocal consent renders meritless his contentions. Accordingly, we affirm the trial court's denial of appellant's motion to suppress evidence of his

palm prints.

2. Appellant contends further that the trial court erred in denying his motion to suppress evidence concerning his blood because, he alleges, the search warrant authorizing the taking of the samples was fatally defective in two respects: first, the issuing magistrate did not make a contemporaneous notation of his reliance on oral testimony and second, the magistrate allegedly abandoned his role as a neutral judicial officer.

(a) Although the better practice would be for an issuing magistrate to make a written notation of sworn oral testimony presented in support of a search warrant, it is well established that "there is 'no requirement in the law of Georgia that requires rather than suggests that a magistrate court warrant hearing be recorded.' [Cit.]" *Hout v. State*, 190 Ga. App. 700, 701 (1) (380 SE2d 330) (1989). See *Waller v. State*, 251 Ga. 124 (8) (303 SE2d 437) (1983), rev'd on other grounds *Waller v. Georgia*, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *Simmons v. State*, 233 Ga. 429 (211 SE2d 725) (1975). Likewise, nothing requires the magistrate to make some contemporaneous notation of the fact that he relied on sworn oral testimony. The first ground of appellant's enumeration of error is consequently without merit.

(b) Appellant contends that by advising Amos what facts he could refrain from putting in his written affidavit in support of a search warrant, Chief Magistrate John Watts abandoned his role as a neutral and detached judicial officer, thereby invalidating the warrant and causing the blood samples to be obtained in violation of the Fourth Amendment. We disagree. Evidence adduced at the hearing on appellant's motion to suppress the blood evidence authorized the trial court to find that Watts had merely advised Amos that he need not include in his written affidavit all of the facts which he had given as sworn oral testimony in support of the warrant and that Watts had not abandoned his neutral and detached role. Amos testified that he had relied "heavily" on Watts' direction due to his (Amos') lack of prior experience in obtaining search warrants for the person. But such "heavy reliance" does not, in the face of testimony by Watts to the contrary, lead to the inescapable conclusion that Watts' comments rose to a level of such involvement that he became " 'engaged in the often competitive enterprise of ferreting out crime . . . [.]' [Cit.]" *Tabb v. State*, 250 Ga. 317, 321 (297 SE2d 227) (1982). As we have stated hereinabove, we will accept as correct the findings of fact and determinations of credibility made by the trial court unless shown to be clearly erroneous. *Woodruff v. State*, supra. This appellant has not done. Accordingly, we find the second ground of appellant's enumeration of error to be without merit.

3. Having determined that the evidence of blood and palm print analysis was properly admitted, we conclude that a rational trier of

fact could have found appellant guilty beyond a reasonable doubt of the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*Elizabeth Lane*, for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Thomas J. Matthews, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney*, for appellee.