## A11A2303. CARSON v. THE STATE.
(724 SE2d 821)

MIKELL, Presiding Judge.

Antonio Ramon Carson was convicted by a jury of possession of a controlled substance with intent to distribute. Carson appeals from the order denying his motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred in admitting similar transactions into evidence and by improperly denying his motion to suppress. Discerning no error, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1]

"When reviewing the denial of a motion to suppress, we construe the

---

[1] (Citation, punctuation and footnote omitted.) *Burden v. State*, 290 Ga. App. 734 (660

516

evidence presented both at the suppression hearing and at trial in a light favorable to upholding the trial court's findings and judgment."[2]

So viewed, the record reveals that Savannah-Chatham police officers responded to a shooting outside of a lounge just after midnight. The victim, Loveco Hills, had been shot several times and later died as a result of his injuries. As a result of their investigation into the murder, Carson became a suspect. Officers executed a search warrant on Carson's residence in connection with the investigation of the murder of Hills. During the search, officers found 11 pieces of crack cocaine in a zippered compact disc case. Carson was subsequently arrested and charged with, inter alia, possession of a controlled substance with intent to distribute.

1. Carson contends the trial court erred in denying his motion to suppress arguing that the affidavit supporting the search warrant was illegal. We disagree.

(a) Carson argues that the investigating officer's affidavit was legally insufficient to establish probable cause because it identified another individual as the suspected shooter in a paragraph summarizing the officer's findings. However, this error exists only in one paragraph of the six-page affidavit, the remainder of which correctly identifies Carson as the suspected shooter. The investigating officer testified that this was a typographical error resulting from the haste in which he prepared his report, and that he did not intentionally misrepresent evidence to the issuing judge.

OCGA § 17-5-31 provides that "[n]o search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." Given the fact that Carson was named on the warrant and is correctly identified as the suspect throughout the majority of the investigating officer's affidavit, we find that the trial court could correctly find that any errors at the time the affidavit and warrant were signed "were clearly typographical and were not so material as to destroy the integrity of the affidavit or the validity of the warrant."[3]

(b) Carson next contends that the trial court abused its discretion in denying his motion to suppress because the supporting affidavit omitted evidence tending to implicate individuals other

---

SE2d 481) (2008).

[2] (Footnote omitted.) *Thomas v. State*, 269 Ga. App. 116 (603 SE2d 689) (2004).

[3] (Citation and punctuation omitted.) *Carlton v. State*, 251 Ga. App. 339, 341 (1) (554 SE2d 318) (2001). Accord *Lester v. State*, 278 Ga. App. 247, 250 (1) (628 SE2d 674) (2006) (officer's affidavit supporting search warrant is "sufficiently exact to pass muster" even though a typo provided wrong address for search when other elements of description were sufficiently particular to identify the premises to be searched).

than Carson for the shooting incident.

An affidavit supporting an application for a search warrant "is presumed valid in the absence of evidence that it contained deliberate falsehoods, was made with reckless disregard for the truth, or that the affiant consciously omitted material facts, that, if included, would have indicated the absence of probable cause."[4] In the event that false information has been included in an affidavit, or when material information has been omitted, the rule is that "the false statements must be deleted, the omitted truthful material must be included, and the affidavit must be reexamined to determine whether probable cause exists to issue a warrant."[5]

The affidavit in this case indicated that an eyewitness to the shooting stated that the suspect was wearing plaid shorts and a polo shirt and that another witness confirmed that Carson had been wearing clothing matching that description. The affidavit also stated that a witness noticed Carson in the lounge prior to the shooting and reported that he was visibly upset and was yelling expletives after the shooting. Even if the affidavit had included the alleged omitted information that "many [other] people who would have wanted to kill Loveco Hills" existed, the affidavit contained "facts sufficient to show probable cause that a crime is being committed or has been committed"[6] and that the issuing judge had "a substantial basis for concluding that probable cause existed."[7]

(c) Carson's allegation that the search warrant was an unconstitutional general search warrant is also without merit. "A search warrant that fails to state with sufficient specificity what items can be seized is a general warrant and violates the state and federal constitutions."[8] The warrant in this case sought, among other things, "any and all evidence related to the murder of Loveco Hills; any clothing that may contain blood, fibers, gunshot residue; . . . any ammunition, shell casings, firearm components . . . ; any writings and/or pictues [sic] that depict the offenses as described above, or any other criminal offense." This description was sufficient.[9]

---

[4] (Citations and punctuation omitted.) *Daniel v. State*, 306 Ga. App. 48, 52 (2) (701 SE2d 499) (2010).

[5] *Flewelling v. State*, 300 Ga. App. 505, 512 (2) (b) (685 SE2d 758) (2009) (holding that the material alleged to have been omitted from the warrant application was not material so as to impact a finding of probable cause).

[6] OCGA § 17-5-21 (a).

[7] (Citation and punctuation omitted.) *Whitten v. State*, 174 Ga. App. 867, 868 (1) (331 SE2d 912) (1985).

[8] (Citation omitted.) *Daniels v. State*, 278 Ga. App. 332, 336 (1) (b) (629 SE2d 36) (2006).

[9] See id.; *Smith v. State*, 274 Ga. App. 106, 110 (3) (616 SE2d 868) (2005).

(d) With respect to Carson's argument that the warrant was stale,

> the proper procedure is to view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant. The mere passage of time does not equate with staleness.[10]

Although Carson argues that the search occurred long after the alleged murder, the items sought here were not perishable, consumable, or disposable, and therefore were unlikely to be affected by the passage of time.[11] The warrant was not based on stale information.

(e) Carson claims that the magistrate who issued the search warrant was not neutral and detached because she suggested that the investigating officer add "no knock" language to the warrant. We disagree.

The Fourth Amendment requires that "the decision of whether to issue a search warrant is made by a neutral and detached judicial officer."[12] Although the investigating officer testified that "it was the judge herself who suggested that we pencil in the no knock provision," this suggestion does not "lead to the inescapable conclusion that [this comment] rose to a level of such involvement that [the issuing judge] became engaged in the often competitive enterprise of ferreting out crime."[13] Accordingly, we find that the trial court's determination that the issuing judge in this case acted as a neutral and detached magistrate was not clearly erroneous.

2. Carson next contends that the trial court erred in allowing into evidence similar transactions of prior possession of controlled substance with intent to distribute. We disagree.

Before trial, the state filed a notice of intent to present evidence of Carson's 1996 conviction for possession of a controlled substance with intent to distribute as similar transaction evidence. The transcript of the 1996 plea hearing reveals that Carson was found with a small matchbox containing a plastic bag with eight pieces of crack cocaine in his front right pocket. After conducting a pretrial hearing

---

[10] (Citations and punctuation omitted.) *State v. Graddy*, 262 Ga. App. 98, 103 (3) (585 SE2d 147) (2003).

[11] *State v. Lejeune*, 277 Ga. 749, 753 (2) (594 SE2d 637) (2004). Accord *Bayles v. State*, 188 Ga. App. 437 (373 SE2d 266) (1988).

[12] (Citation and punctuation omitted.) *Tabb v. State*, 250 Ga. 317, 321 (2) (a) (297 SE2d 227) (1982).

[13] (Citation and punctuation omitted.) *King v. State*, 263 Ga. 741, 744 (2) (b) (438 SE2d 620) (1994).

in accordance with Uniform Superior Court Rule 31.3 (B), the trial court ruled that the similar transaction evidence was admissible for the limited purpose of proving course of conduct and modus operandi. The trial court also issued limited instructions to the jury as to such evidence and reminded them again during the jury charges that this evidence would be considered only for very limited purposes.

Evidence of an independent offense may be admitted into evidence if the state makes the following affirmative showings:

> (1) the similar transaction evidence is offered for some purpose other than to show a probability that the defendant committed the crime on trial because the defendant is a person of criminal character; (2) the accused committed the independent offenses; and (3) a sufficient connection or similarity between the prior offense and the offense charged such that proof of the former tends to prove the latter.[14]

"Implicit also are the concepts that the evidence must be relevant to an issue in the case and that its probative value outweighs its prejudicial effect."[15] We review the trial court's ruling for an abuse of discretion.[16]

Carson argues that the 1996 conviction was not sufficiently similar to the charges for which he was on trial.

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the . . . incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.[17]

In this case, the evidence established that both the 1996 conviction and the present case involved Carson hiding a significant

---

[14] (Citations omitted.) *Hall v. State*, 230 Ga. App. 741, 742 (497 SE2d 603) (1998).

[15] (Citation and punctuation omitted.) *Morrison v. State*, 300 Ga. App. 405, 407 (685 SE2d 413) (2009).

[16] *Porter v. State*, 264 Ga. App. 526, 531 (4) (591 SE2d 436) (2003).

[17] (Citation omitted.) *Morrison*, supra at 407-408.

amount of crack cocaine in a small compartment in an area under his control, his person and his home. As such, the trial court's finding that Carson's prior drug offense was sufficiently similar was not an abuse of discretion.[18]

3. Carson next argues that the evidence was insufficient to support his conviction because although the substance was found in his home, his girlfriend, who occasionally spent the night there, also had equal access to the drugs. We disagree.

The state proved that Carson lived at the home, thereby giving rise to the rebuttable presumption that Carson was the individual in possession of the contraband found therein.[19] It was for the jury to decide whether this presumption was rebutted,[20] and, based on the evidence adduced, we cannot say that the jury's verdict is insupportable as a matter of law.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 1, 2012.

*Leslie R. Lowry, Jennifer R. Burns*, for appellant.
*Larry Chisolm, District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.

---

[18] See *Stephens v. State*, 208 Ga. App. 291, 292 (1) (430 SE2d 29) (1993) (prior guilty plea to cocaine possession admissible in case involving cocaine trafficking and possession of cocaine with intent to distribute).

[19] See *Turner v. State*, 298 Ga. App. 107, 108 (679 SE2d 127) (2009).

