59562, 59563. THE STATE v. GRIFFIN (two cases).

BIRDSONG, Judge.
Motion to suppress. A police officer went to a justice of the peace and obtained a warrant to search the premises controlled by Emanuel Hodge as well as the person of Hodge and other persons present on the premises (the other appellants). The detective presented the following facts: "On several occasions in the past month, I received information from a reliable source that at the above address, the residence of Emanuel Hodge, there was marijuana being sold. Said informant hs [sic] proven to be reliable in the past." The justice of the peace testified that the detective was sworn and gave the additional information that the marijuana had been seen by the informer within the past 30 days and that she (the justice of the peace) did not demand any further information as to the reliability of the informer because the informer was a "peace officer."

The detective testified however, that while his informer was a peace officer (in fact was a police sergeant), that informer was merely relating what he (the sergeant) had been told by an otherwise unidentified informer. There was absolutely no information furnished to the justice of the peace that the ultimate source of the factual predicate for the probable cause to issue the warrant was a wholly unidentified informant whose reliability was never established for the justice of the peace.

While we agree that hearsay and even hearsay upon hearsay may be sufficient to furnish the basis for the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's underlying conclusions and his belief that the informant was credible or his information reliable (United States v. Ventresca, 380 U. S. 102, 108), such is not the case here. See *Smith v. State,* 136 Ga. App. 17, 18-19 (220 SE2d 11); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698). There must be a substantial basis for crediting such hearsay. *Galgano v. State,* 147 Ga. App. 284, 285 (248 SE2d 548); *Smith v. State,* supra.

In the case before us, there were no underlying facts or circumstances brought to the attention of the magistrate which

would tend to corroborate the information provided by the confidential informant. So far as the justice of the peace was aware, the police sergeant *was* the confidential informant; she accepted the reliability of the "peace officer" informant because he was a peace officer, never knowing that the sergeant was in fact merely repeating the observations of yet another informer whose past reliability was never brought to her attention. In the absence of any evidence of reliability of the original source of the affidavit, the magistrate could not assure herself that the report was any more than casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. Spinelli v. United States, 393 U. S. 410; *Jackson v. State,* 130 Ga. App. 6 (202 SE2d 206). As a consequence, we conclude that the trial court did not err in suppressing the fruits of the search.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED
APRIL 16, 1980.

*Benjamin L. Bateman, District Attorney, Leland K. Hawks, Assistant District Attorney,* for appellant.

*George C. Floyd, Gilbert J. Murrah, Lee Morgan,* for appellees.