69014. NEAL et al. v. THE STATE.
(325 SE2d 457)

McMURRAY, Chief Judge.

Defendants, Leroy Neal and Ollie Avera, were convicted of violations of the Georgia Controlled Substances Act. In this appeal, defendants contend the trial court erred in denying their motion to suppress evidence. More specifically, defendants argue evidence was illegally seized because of the failure of the police to knock and give verbal notice of their authority and purpose for entering the premises.

Relying upon information from a reliable informant, Georgia Bureau of Investigation (GBI) agent Keith Golden obtained a warrant to search a trailer occupied by defendants. In pertinent part, the affidavit for the search warrant read as follows: "It is affiant's experience and training that forewarning an occupant of a residence of intentions to search the residence for drugs can lead to the immediate destruc-

tion of evidence before entry can be gained. This is feasible because of the nature of the material to be sought. Affiant therefore requests that he and other executing officers be excused from the requirement of giving verbal notice of their authority and purpose before gaining entrance." The affidavit was signed by agent Golden. The signature of the magistrate who issued the search warrant also appears on the affidavit.

At the motion to suppress hearing, agent Golden testified that he had been informed that defendants were in possession of marijuana; that the marijuana was packaged in small manila coin envelopes; that the packaged marijuana was kept closely by defendants; that the packaged marijuana could have been flushed down a toilet; and that, based upon the information which he received and his experience, he believed it was necessary to enter the premises without knocking to prevent the destruction of the evidence. The agent also averred that he in good faith believed that the issuing magistrate authorized a "no-knock" entry because she endorsed the affidavit for the search warrant; that he entered defendant's trailer unannounced by lifting an opened window and unlocking the front door; and that he identified himself immediately upon confronting defendant Neal in the trailer.

Upon the conclusion of the hearing, the trial court determined that agent Golden "had good faith cause to proceed with the no-knock provision, based upon the Order received by him from the Magistrate." The court continued that "it might reasonably be concluded that the Magistrate did, in fact, grant the authority to proceed with the no-knock provision." Accordingly, the motion to suppress evidence was denied. *Held*:

1. We think that under the facts of this case, the trial court properly denied defendants' motion to suppress. "Failure of the police to knock and give verbal notice of their authority and purpose in the execution of a search warrant (as required by [OCGA § 17-5-27]) may be excused where the police have reasonable grounds to believe that forewarning would either greatly increase their peril or lead to the immediate destruction of the evidence." *Scull v. State*, 122 Ga. App. 696 (1) (178 SE2d 720).

In the case sub judice, the officer had reasonable grounds to believe that forewarning the defendants would lead to the immediate destruction of the marijuana. "To establish reasonable grounds the [officer] did not have to show specific information which would lead [him] to conclude that evidence would be destroyed upon an announced entry. It was sufficient that information supplied by affidavit and sworn testimony would lead to the reasonable conclusion that the evidence sought could be disposed of or destroyed before the [officer] could seize it if [he] announced [his] authority and purpose." *Cox v. State*, 160 Ga. App. 199, 201 (286 SE2d 482).

2. The mere fact that the issuing magistrate did not expressly authorize a "no-knock" search is of no consequence. Where there is a " 'good faith belief on the part of the officer' " that the requirements of OCGA § 17-5-27 are obviated, " 'his failure to comply with the formal requirements of that section does not justify the exclusion of the evidence he obtains.' People v. Maddox, 46 Cal. 2d 301, 306 (294 P2d 6)." *Scull v. State*, 122 Ga. App. 696, 699, supra. Having determined that agent Golden entered the premises on the "good faith" belief that he was authorized to proceed with a "no-knock" search, the trial court properly denied defendants' motion to suppress evidence. *Scull v. State*, 122 Ga. App. 696, supra; *Martin v. State*, 165 Ga. App. 760 (302 SE2d 614). Compare *Barclay v. State*, 142 Ga. App. 657 (236 SE2d 901).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 13, 1984 — ■■■■■■■■

*William R. McCracken*, for appellants.
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.