A91A0797. ADAMS et al. v. THE STATE.
(410 SE2d 139)

ANDREWS, Judge.

After the trial court denied their motions to suppress, appellants were granted the right to file this interlocutory appeal challenging the validity of the search warrant by which the state seized cocaine, marijuana, and drug-related objects from their residence, and indicted them for possession of the seized items. The search warrant was supported by an affidavit which contained information from a confidential informant, as well as information independently gathered by members of the police drug task force.

1. In their first and second enumerations of error, appellants claim the suppression motions should have been granted because the affidavit in support of the warrant contained false statements, and because false testimony was given in support of the warrant at the suppression hearing. Appellants claim that the portion of the affidavit alleging that the affiant and other members of the drug task force had received information, independent of the confidential informant, that appellant Adams was selling drugs from his residence at 679 Rosedale Street, was false. Additionally, appellants claim the affiant falsely testified at the suppression hearing that he presented the affidavit to the magistrate, when in fact the documents themselves show that he presented the affidavit to the deputy magistrate.

Under Franks v. Delaware, 438 U. S. 154, 155 (98 SC 2674, 57 LE2d 667) (1978), "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," then at the defendant's request a hearing must be held where, if the defendant establishes the perjury or reckless disregard for the truth by a preponderance of the evidence, the false material shall be set aside and the affidavit voided if the remaining content of the affidavit is insufficient to establish probable cause. Nutter v. State, 162 Ga. App. 349 (291 SE2d 423) (1982). Neither of the two members of the drug task force who testified at the suppression hearing, including the affiant, claimed to have knowl-

edge, apart from that obtained from the confidential informant, that Adams sold drugs at the 679 Rosedale Street residence. They could not recall if other members of the drug task force had such knowledge when the affidavit was prepared, and the allegations made, approximately a year prior to the suppression hearing. Furthermore, at the suppression hearing the officer who testified he presented the affidavit to the magistrate instead of the deputy magistrate was recalled and later testified that he was in error. The deputy magistrate who issued the warrant testified that the officer appeared before him and gave sworn testimony on the affidavit.

We agree with the trial court that neither of these allegations of false statements require that the evidence seized under the warrant be suppressed. The trial judge made no specific rulings as to the truth or falsity of the statements, but correctly found that, apart from the statements, the other evidence and remaining contents of the affidavit were sufficient to support the magistrate's finding of probable cause for issuing the warrant.

2. In their third enumeration of error, appellants assert the information in the affidavit obtained from a confidential informant was not sufficiently corroborated, and was insufficient to establish probable cause for issuance of the search warrant. The affidavit contained the following statements: "Affiant was advised on Nov. 07, 1989, that withing [sic] the last 72 hours, reliable informant # 11/89 had personally seen several large Marijuana plants inside the above described residence, as well as, a large amount of Cocaine. Although C. I. # 1189 has never made a controlled purchase for the Paulding County Drug Task Force, C. I. # 1189 has made several controlled purchases of drugs for Marietta/Cobb/Smyrna Narcotics, as well as, gave M. C. S. reliable information, which led to approximately 15-20 arrests. These figures were confirmed by affiant by contacting Major Maxwell, Head of M. C. S." The affidavit also indicated that the residence of appellants was identified by the informant as a wood frame house, lime green in color, at 679 Rosedale Street. The trial court found the magistrate properly issued a search warrant for the residence based on the affidavit.

"In making a determination as to probable cause pursuant to the totality of the circumstances test enunciated in *Illinois v. Gates*, [462 U. S. 213] (103 SC 2317, 76 LE2d 527) (1983), the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Mize v. State*, 173 Ga. App. 327, 328 (326 SE2d 782) (1985) (Punctuation and internal quotations omitted); *State v. Stephens*, 252 Ga. 181 (311 SE2d

823) (1984). The task of a reviewing court is to determine if there is substantial evidence in the record to support the magistrate's issuance of the warrant. *State v. White*, 196 Ga. App. 685, 686 (396 SE2d 601) (1990). "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citations and punctuation omitted). *Mincey v. State*, 180 Ga. App. 898, 900 (350 SE2d 852) (1986). Under these standards, the information in the affidavit obtained from the informant was sufficient to establish probable cause for the warrant, and the trial court correctly denied the motions to suppress.

3. In their fourth enumeration, appellants claim the trial court should have suppressed the evidence because the officers executed the warrant using excessive force. In executing a search warrant, officers are generally required to make a good faith attempt to give verbal notice of their authority and purpose prior to gaining entry by the use of force. OCGA § 17-5-27. This requirement may be excused when the officers reasonably believe that announcing themselves " 'would either greatly increase their peril or lead to the immediate destruction of the evidence.' [Cit.]" *Neal v. State*, 173 Ga. App. 71, 72 (325 SE2d 457) (1984).

Here, the magistrate included a "no-knock" provision in the warrant apparently because it had simply become customary to do so in drug cases. Nothing in the affidavit or in evidence communicated to the magistrate authorized inclusion of the "no-knock" provision. The affidavit contains an allegation that the "no-knock" clause was requested for the safety of the officers and persons at the residence, but there was no allegation of increased peril to the officers or of danger that evidence would be destroyed. At the suppression hearing, an executing officer testified that officers requested the "no-knock" provision and kicked in the door when executing the warrant because this was a drug case, and, more specifically, because they had obtained information that a large, vicious dog was kept at the residence.

Although the "no-knock" provision was erroneously included by the magistrate, the trial court properly refused to grant the motion to suppress on this basis. Under the circumstances, it appears the officers entered the premises on the good faith belief that they were authorized, because of the peril created by the presence of the dangerous dog, to proceed with a "no-knock" warrant issued by the magistrate. See *Debey v. State*, 192 Ga. App. 512 (385 SE2d 694) (1989); *Neal*, supra at 72-73.

4. Appellants claim in enumeration of error five that, because the affidavit was not signed by the issuing magistrate, the evidence obtained under the warrant should have been suppressed. The trial

court correctly refused to suppress the evidence for lack of the magistrate's signature. Evidence presented at the suppression hearing from the affiant and the magistrate indicated that the affiant, whose signature appears on the affidavit, was placed under oath by the magistrate and gave sworn testimony in support of the affidavit. The magistrate testified that he inadvertently failed to sign the affidavit. "No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." OCGA § 17-5-31; *State v. Penansky*, 140 Ga. App. 405 (231 SE2d 152) (1976).

5. In the portion of their brief supporting enumeration of error three, appellants also assert that their sixth and fourteenth amendment right to thoroughly cross-examine the state's witnesses was erroneously abridged by the trial court at the suppression hearing. We will not consider errors presented in the brief, but not separately set forth in the enumeration of errors, or at least embraced by an enumeration of error broad enough to authorize raising the issue. *Irvin v. Askew*, 241 Ga. 565, 566 (246 SE2d 682) (1978); *Barnes v. Atlanta*, 186 Ga. App. 187, 189 (366 SE2d 822) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Awtrey & Parker, J. Lynn Rainey*, for appellants.
*William A. Foster III, District Attorney, Thomas V. Driggers, Assistant District Attorney*, for appellee.