A02A0432. COOK v. STATE OF GEORGIA.
(565 SE2d 896)

JOHNSON, Presiding Judge.

After the State of Georgia initiated civil forfeiture proceedings against $52,333 in cash and other items recovered from Wayne Cook's residence, Cook sought to suppress the seizure of the money. Cook argued that the search was illegal because the magistrate who issued the search warrant improperly included in the warrant, at the officer's request, a provision which allowed officers to enter his home without first knocking and announcing their presence. According to Cook, the officer who applied for the warrant did not include sufficient facts to support the "no-knock" provision. The trial court denied Cook's motion and entered a judgment of forfeiture. Cook appeals from the denial of his motion to suppress and the judgment of forfeiture. We affirm the judgment of the trial court.

The evidence shows that police received a tip that Cook was selling drugs in and near his home. Officers set up surveillance of Cook's condominium unit and searched a trash bin behind his four-unit building. In the bin, police found small plastic bags with cocaine residue. Later, they followed Cook to a nearby gas station and watched as a man got into Cook's car and left within a few minutes. When officers approached the man, he admitted purchasing cocaine from Cook and handed the cocaine to the officers.

One of the officers then applied for a warrant to search Cook's residence. In his affidavit, the officer noted Cook's three prior drug arrests, including a conviction for possession of cocaine with intent to distribute, and the results of police surveillance and investigation. The officer also stated in his affidavit: "The affiant would further request a no-knock provision be included in the search warrant for

---

[2] See *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997).

officer safety as well as the easy destruction of evidence. Cook has been arrested twice and convicted once of battery offenses."

Basing his decision on the affidavit as well as the officer's oral testimony, the magistrate issued the search warrant as requested. Officers executing the warrant found the cash, along with cocaine, handguns, and other items.

In executing a search warrant, officers are generally required to make a good faith attempt to give verbal notice of their authority and purpose prior to gaining entry by the use of force.[1] This requirement may be excused when the officers reasonably believe that announcing themselves would either greatly increase their peril or lead to the immediate destruction of evidence.[2] The reasonableness standard for a no-knock entry, as opposed to a probable cause requirement, is not high.[3] To establish reasonable grounds, the officer does not have to show specific information that would lead officers to conclude that they *would* be harmed if they announced their authority and purpose; it is sufficient if the information supplied by affidavit and sworn testimony would lead to the reasonable conclusion that the officers *could* be harmed if they announced their authority and purpose.[4]

Cook claims that the officer applying for the warrant failed to show that an announced entry would greatly increase the officers' peril, inasmuch as Cook was only arrested *once* for battery and that he was only convicted of *simple* battery. One simple battery conviction, he argues, does not justify a no-knock entry to execute a warrant.

We note that the record contains no information regarding Cook's battery conviction, so we do not know whether he was convicted of battery or simple battery. Nor do we know the circumstances of the offense or offenses. Nonetheless, as Cook concedes, even simple battery is a crime of violence,[5] and it can involve causing physical harm to another.[6]

On appeal, we construe the evidence most favorably to the trial court's findings and judgment.[7] Our responsibility in reviewing a trial court's ruling on a motion to suppress is to ensure that there was a substantial basis for the decision.[8] Here, the officer had a reasonable belief that Cook, who had been convicted of a violent crime

---

[1] OCGA § 17-5-27.

[2] *Adams v. State*, 201 Ga. App. 12, 14 (3) (410 SE2d 139) (1991).

[3] *Richards v. Wisconsin*, 520 U. S. 385, 394-395 (117 SC 1416, 137 LE2d 615) (1997).

[4] See generally *Cox v. State*, 160 Ga. App. 199, 201 (2) (286 SE2d 482) (1981).

[5] See OCGA §§ 16-5-23; 16-5-23.1.

[6] See OCGA § 16-5-23 (a) (2).

[7] See *State v. Wesson*, 237 Ga. App. 789, 790 (516 SE2d 826) (1999).

[8] Id.

and a drug offense, *could* harm officers if they entered his residence announced. There was a substantial basis for the trial court's holding that the inclusion of a no-knock provision in the warrant was reasonable under the circumstances.[9] Accordingly, the trial court did not err in denying Cook's motion to suppress.[10]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 30, 2002.

*King, King & Jones, David H. Jones,* for appellant.

*Patrick H. Head, District Attorney, Andrew J. Saliba, Amelia G. Pray, Assistant District Attorneys,* for appellee.

---

[9] See *Hout v. State,* 190 Ga. App. 700, 701 (1) (380 SE2d 330) (1989) (no-knock provision authorized where officer told magistrate several people might be in the house and some firearms would likely be present); *Jones v. State,* 127 Ga. App. 137 (1) (193 SE2d 38) (1972) (no-knock provision justified where informants told police that defendant said he would shoot the next officers who entered his residence).

[10] See generally *Neal v. State,* 173 Ga. App. 71, 72 (1) (325 SE2d 457) (1984).