A05A0959. THE STATE v. COCHRAN.
(620 SE2d 444)

RUFFIN, Chief Judge.

Law enforcement officers found cocaine at the residence of Charles Daniel Cochran while executing a search warrant. Cochran was subsequently charged with trafficking in cocaine. He filed a motion to suppress the cocaine, arguing that the search warrant was invalid because it was based on unreliable, uncorroborated information. The trial court granted the motion to suppress, and the State appeals. The State contends that there was adequate probable cause for the issuance of the search warrant. For reasons that follow, we reverse.

1. The magistrate issued a search warrant for Cochran's residence based on the May 3, 2004 affidavit of Investigator Alan Gilley of the Piedmont/Northern Multi-Agency Narcotics Squad. On April 30, 2004, Gilley and another officer met with a paid confidential informant who had provided reliable information to the Narcotics Squad in the past. On at least six previous occasions, information from this person led to the seizure of "marijuana, crack cocaine, cocaine, and stolen property."

The confidential informant told Gilley that, four days earlier, the confidential informant had driven another individual, subsequently identified as Becky Ivester, to Cochran's residence. En route, Ivester stated "Danny has the good stuff, he's got the best," which the confidential informant interpreted as crack cocaine. Ivester had $40 in her hand. When they arrived at Cochran's residence, Ivester went inside with the money and quickly returned with a rock of crack cocaine. Ivester told the confidential informant "[s]ee how he does me, he hooks me up," which the confidential informant took to mean that Ivester had gotten a large amount of crack cocaine for $40.

The confidential informant led Gilley to the house where Ivester obtained the cocaine, and Gilley took a photograph of it. Gilley then determined that the photo on file with the tax assessor's office for that address showed the same house that he had photographed. The house was owned by a Jack Cochran.

Another agent from the Narcotics Squad told Gilley that he had received reports from a number of sources that Cochran was selling crack cocaine from his residence. The agent identified the photograph taken by Gilley as being Cochran's residence. The confidential informant told Gilley that Cochran carried firearms and "will not go down without a fight."

The trial court granted Cochran's motion to suppress because the confidential informant had not witnessed Ivester's purchase of cocaine, and the magistrate had no basis to evaluate Ivester's veracity. The State asserts, however, that the information Gilley obtained from the confidential informant provided the magistrate with a sufficient basis to conclude that probable cause existed for the issuance of the search warrant. We agree.

We look to the totality of the circumstances in evaluating the legality of a search warrant[1] and we give great deference to the magistrate's determination of probable cause.[2] In deciding whether an affidavit creates sufficient probable cause for the issuance of a warrant,

> the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[3]

Where the State seeks to establish probable cause with information from an unidentified source, "the informant's veracity and basis of knowledge are major considerations in the probable cause analysis."[4] Among the factors to be considered by a magistrate in assessing the reliability of information from an unidentified informant are: "the type of information previously supplied by the informant, the use to

---

[1] See *Burke v. State*, 265 Ga. App. 38 (592 SE2d 862) (2004).

[2] See *Browner v. State*, 265 Ga. App. 788, 789 (1) (595 SE2d 610) (2004).

[3] (Punctuation omitted.) *Land v. State*, 259 Ga. App. 860, 861 (1) (578 SE2d 551) (2003).

[4] (Punctuation omitted.) *Lyons v. State*, 258 Ga. App. 9, 11 (1) (572 SE2d 632) (2002).

which that information has been put, and the length of time since the previous information was furnished."[5]

Here, the magistrate did not have any information about Ivester which he could use to evaluate her reliability. Without this information, "the magistrate could not assure [himself] that the report was any more than casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation."[6] Moreover, Gilley's recitation of what the confidential informant told him that Ivester said is double hearsay.[7] Therefore, Ivester's statements about Cochran, standing alone, do not provide sufficient probable cause for the issuance of a search warrant.[8]

The question thus becomes whether the confidential informant's witnessing of Ivester going into Cochran's residence with $40 and returning with crack cocaine is sufficient to create probable cause for the issuance of the warrant. We have held that a police officer's personal observation of an informant entering a residence with money and returning with drugs is sufficient to establish probable cause that drugs are present in a residence.[9] While the confidential informant was not a police officer, the magistrate had enough information about the confidential informant to determine reliability; the confidential informant was known to Gilley and had provided him with reliable information that led to the seizure of drugs or stolen property on at least six occasions.[10] Given the totality of the circumstances, including corroboration that the residence where the drugs were purchased was Cochran's, we hold that the evidence was sufficient for the magistrate to conclude that there was a fair probability that drugs would be found at Cochran's residence.[11] Accordingly, we reverse the trial court's grant of Cochran's motion to suppress on this basis.

2. Cochran argues that, even if there was probable cause for the issuance of the warrant, the trial court nonetheless should have granted his motion to suppress because the warrant contained a "no-knock" provision that was not authorized by the evidence presented to the magistrate. When executing a search warrant, officers are generally required to make a good faith attempt to notify the

---

[5] (Punctuation omitted.) *Burke*, supra at 39.

[6] *State v. Griffin*, 154 Ga. App. 361, 362 (268 SE2d 412) (1980).

[7] See *Davis v. State*, 129 Ga. App. 158, 159 (1) (198 SE2d 913) (1973).

[8] See id.; *Shivers v. State*, 258 Ga. App. 253, 258 (573 SE2d 494) (2002).

[9] See *Browner*, supra at 789-790 (1); *State v. Thomas*, 203 Ga. App. 623, 624-625 (417 SE2d 328) (1992).

[10] See *Crow v. State*, 267 Ga. App. 188, 190 (2) (598 SE2d 824) (2004).

[11] See *Thomas*, supra at 625.

people in a building prior to using force to gain entry.[12] The require-ment "may be excused when the officers reasonably believe that announcing themselves would either greatly increase their peril or lead to the immediate destruction of the evidence."[13] To establish such reasonable belief,

> the officer does not have to show specific information that would lead officers to conclude that they *would* be harmed if they announced their authority and purpose; it is sufficient if the information supplied by affidavit and sworn testimony would lead to the reasonable conclusion that the officers *could* be harmed if they announced their authority and purpose.[14]

We have previously held that a "no-knock" search is authorized when a confidential informant tells a law enforcement officer that there are automatic weapons in the house to be searched.[15] Here, we find that the confidential informant's statement that Cochran carried firearms and "will not go down without a fight" was sufficient to create a reasonable belief that officers could be harmed if they announced their presence when executing the search warrant. Thus, the mag-istrate was authorized to issue a "no-knock" warrant, and this does not provide an alternative basis for granting Cochran's motion to suppress.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED AUGUST 19, 2005 — ■■■■■■■■■

*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellant.
*Healy & Svoren, Timothy P. Healy, Nina M. Svoren*, for appellee.

---

[12] See OCGA § 17-5-27.
[13] (Punctuation omitted.) *Adams v. State*, 201 Ga. App. 12, 14 (3) (410 SE2d 139) (1991).
[14] (Emphasis in original.) *Cook v. State*, 255 Ga. App. 578, 579 (565 SE2d 896) (2002).
[15] See *Hunter v. State*, 198 Ga. App. 41, 44 (2) (400 SE2d 641) (1990).