## S06G0067. COCHRAN v. THE STATE.
(635 SE2d 701)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *State v. Cochran*, 275 Ga. App. 185 (620 SE2d 444) (2005), to examine the determination by the Court of Appeals that the trial court erred in granting Charles Daniel Cochran's motion to suppress on the ground that there was insufficient information to support the search warrant. Finding that the Court of Appeals correctly held that the search warrant was properly supported, we affirm.

Cochran was arrested and charged with trafficking in cocaine after police found cocaine in his residence while executing a search warrant. He moved to suppress evidence of the cocaine on the ground that the search warrant was invalid because it was not supported by probable cause. The trial court granted the motion to suppress, and the Court of Appeals reversed.

All information provided to the issuing magistrate was contained in the affidavit. The affidavit states that law enforcement officers met with a reliable, unnamed, paid confidential informant ("CI") who had supplied information leading to the seizure of contraband on six prior occasions, and that CI reported being

> contacted via telephone by another subject asking if [CI] could give it[1] a ride to Danny's (Daniel Cochran).

> While en route to Danny's residence, (the above described residence), the subject told [CI], "Danny has the good stuff, he's got the best." [CI] assumed that the subject was referring to crack cocaine when the subject mentioned "the good stuff." [CI] has taken the subject to Danny's house on at least ten occasions in the past. [CI] believes the reason for each visit to Danny's was to get some crack cocaine. [CI] observed the subject to have $40.00 (two twenty dollar bills) in her hand.

> Upon arrival at the above described residence, [CI] waited in the vehicle as the subject entered the above described residence. The subject emerged from the residence after approximately 30 seconds and re-entered the vehicle with [CI]. The subject then showed [CI] a single rock of crack cocaine that it had in its open hand. The subject stated to [CI], "see how he does me, he hooks me up." [CI] believes the subject was

---

[1] In an apparent attempt to avoid revealing the gender of informants, officers involved in this investigation often referred to informants as "it."

talking about the size of the single rock of crack cocaine being a large amount of crack for $40.00, something similar to "I got a good deal."

The affidavit goes on to state that four days later, "[CI] pointed out the above-described residence to [officers]. A photo of the residence was taken by [one officer]." The affidavit also revealed that tax records showed the house to be owned by Jack Noel Etalbra Cochran, and that another law enforcement officer stated that he had "received numerous reports from numerous different sources" that Daniel Cochran was selling crack cocaine from this house. The "subject" who was reported in the affidavit to have gone into Cochran's house was later identified as Becky Ivester.

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Citation and punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 786-787 (7) (493 SE2d 157) (1997). The duty of this Court in reviewing the magistrate's decision is simply to determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrant. Id.

Cochran contends that this case is one in which all the information presented to the magistrate depended not on the reliability of the established confidential informant, but on the reliability of the then-unknown third party, Ivester, which was not shown to the magistrate. See *Wood v. State*, 214 Ga. App. 848, 849 (1) (449 SE2d 308) (1994) ("No matter how truthful or sincere the information from the reliable source, the crucial question is the unidentified third-party's reliability, and that is simply not established in the affidavit."). But, that is not the case; the warrant did not rest solely on the reliability of Ivester.

> [H]earsay and even hearsay upon hearsay may be sufficient to furnish the basis for the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's underlying conclusions and his belief that the informant was credible or his

> information reliable. [Cits.] There must be a substantial basis for crediting such hearsay. [Cits.]

*State v. Griffin*, 154 Ga. App. 361 (268 SE2d 412) (1980). The Court of Appeals noted that the magistrate did not have any information to aid him in evaluating Ivester's reliability, that her statements concerning Cochran were simply double hearsay and "standing alone, do not provide sufficient probable cause for the issuance of a search warrant." *Cochran*, supra at 187 (1). But the Court of Appeals also noted that the double hearsay did not stand alone, and the magistrate was otherwise "informed of some of the underlying circumstances supporting the affiant's underlying conclusions," *Griffin*, supra, specifically that CI saw Ivester enter Cochran's house holding $40 in cash and emerge 30 seconds later holding a rock of crack cocaine. This observation did not depend upon the reliability of Ivester's hearsay declarations. The mere existence of "hearsay upon hearsay" is not fatal to the warrant, and the Court of Appeals was correct in determining that the double hearsay did not stand alone, that the magistrate was informed of underlying circumstances showing the affiant's information to be reliable, and thus, viewed in the totality of the circumstances, the magistrate had a substantial basis for issuing the warrant. *DeYoung*, supra.

Cochran also urges that CI's reliability is not shown in the affidavit because CI had ten times previously driven Ivester to Cochran's house, presumably to buy cocaine, had done so without police supervision, and thus was participating with Ivester in the commission of a crime. Assuming this presumption is correct, and pretermitting CI's history of providing fruitful information regarding contraband, if CI, as an informant known to the police, told them that he was participating in such an illegal activity, CI would be making a statement against his penal interest, which elevates the reliability of that statement. See *Graddy v. State*, 277 Ga. 765 (596 SE2d 109) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Healy & Svoren, Timothy P. Healy, Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney,* for appellee.
*Jodi Dick, Laura D. Hogue, Brenda J. Bernstein,* amici curiae.