A09A1615. THE STATE v. WILLIS.
(691 SE2d 261)

BARNES, Judge.

Terry Willis was indicted for trafficking in cocaine and possession of marijuana with intent to distribute. He moved to suppress evidence uncovered during the execution of a search warrant, arguing that the affidavit on which the magistrate relied to issue the warrant included information the affiant knew to be untrue. Following a hearing on the motion, the trial court agreed and granted Willis's motion to suppress. The State appeals, arguing that omissions or misrepresentations in an affidavit seeking a search warrant do not automatically warrant suppressing evidence found pursuant to the search warrant, and that even after striking the misrepresentation from the affidavit, sufficient information remained to support the warrant. For the reasons that follow, we affirm.

On May 7, 2008, while conducting an undercover operation, an agent with the South Georgia Drug Task Force received information from a confidential informant that a man named Orry Bell was holding a large quantity of illegal drugs. Bell was a passenger in a car driven and owned by Willis. The men stopped at a convenience store and, based on his conversation with his confidential informant, the agent approached Bell to conduct an investigatory stop. When Bell opened his car door, the agent saw plastic bags of marijuana in Bell's shoes and a bag of cocaine in his hand. The car itself smelled of marijuana and contained "numerous amounts of residue," and the agent placed Willis and Bell in custody.

The agent testified at the motion to suppress hearing that Bell told him during their one interview that he had obtained the drugs from Willis and identified Willis's house as the location where Willis had retrieved the drugs. Another agent reported having seen Willis and Bell in the vicinity of Willis's driveway, and the testifying agent confirmed with the city that utilities at the house were registered to Willis. He pulled Willis's criminal history, which included a previous

conviction for marijuana possession in 2007, and prepared an affidavit in support of a warrant to search Willis's house.

In the affidavit, the agent averred he had reason to believe the house contained marijuana, weapons, records, financial documents regarding asset transfers, and currency derived from and used to facilitate illegal drug transactions. Facts tending to establish grounds to issue a search warrant were that a previously reliable confidential source who had given information leading twice to the recovery of illegal drugs and once to an arrest contacted the agent to say Bell was riding around in a blue car with a large quantity of marijuana and a quantity of powder cocaine. A few minutes later the agent saw Bell riding in a blue vehicle "which is known to belong to Terry Willis." Then another investigator saw Willis's car turn down a street "to the immediate area of Terry Willis's residence." A short time later the agent arrested both men at a convenience store for possession of marijuana with intent to distribute and cocaine possession.

In the affidavit the agent continued, "In corroboration with the above information on 05/08/2008 Orry Bell furnished information during a formal interview with Affiant against his own Penal interest that the Marijuana and the Cocaine found during the arrest belonged to Terry Willis" who had handed it to Bell to hide before the agent pulled up. "Bell also stated that several minutes before himself and Terry Willis were arrested that he observed Terry Willis go inside of his residence on Willie Harris Drive and get a large quantity of Marijuana and take it out to the back" of the house and place it in a wooded area. Finally, the agent said in the affidavit that Bell said Willis had scales, bags, "and possibly a large sum of U. S. Currency, which is indicative of the sale of Marijuana." Based on the affidavit alone, the magistrate determined that probable cause existed to believe contraband was being concealed on Willis's person and residence and issued a search warrant. The agent executed the warrant and found a large quantity of marijuana and cocaine in the house.

At the hearing, the agent confirmed that he held only one interview with Bell, which was digitally recorded on a CD Willis introduced into evidence. The only information before the magistrate was that contained in the agent's affidavit. When asked how Bell's statement implicating Willis was against Bell's penal interest, the agent admitted he did not understand the term. Willis argued that the affidavit contained some incorrect information, such as the location of Willis's previous misdemeanor conviction, and included false information. Primarily, Willis pointed out that a review of Bell's recorded interview establishes that Bell never said Willis handed him the drugs to hide before they were arrested at the convenience store;

Bell never said he saw Willis go inside his house, retrieve a large quantity of marijuana, and hide it in back in the woods; and Bell never said Willis had scales, bags, or currency.

The trial court took a twenty-five-minute break to review the nine-minute recorded interview between Bell and two agents. Upon returning to the bench, the court found that the agent testified that the only interview he conducted with Bell was the recorded one it just reviewed. It further held:

> The Court finds nowhere on that interview did Orry Bell state that he observed Terry Willis go inside his residence . . . and get a large quantity of marijuana and take it out to the back of the above said residence and place the marijuana in a wooded area behind said residence. . . . Further, it states in the affidavit submitted for the search warrant that Orry Bell also stated that Terry Willis has scales, baggies and possibly a large sum of currency which is indicative of the sale of marijuana. The Court nowhere on that CD-ROM heard any of that information and that would have been the crux of the probable cause for the magistrate to issue the warrant. So the Court is going to find that the search and seizure was conducted without probable cause and without reasonable articular [sic] suspicion of criminal activity. The Court is going to suppress the results of that search warrant, and grant defendant's motion to suppress.

The trial court subsequently reduced its ruling to writing, and the State appealed.

Absent evidence demanding factual findings contrary to the trial court's determination on a motion to suppress, we will not reverse a ruling sustaining the motion. *State v. Aguirre*, 229 Ga. App. 736, 737 (494 SE2d 576) (1997). We accept the trial court's factual and credibility determinations unless they are clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Once a defendant challenges a search warrant, the State bears the burden of proving the warrant is lawful. *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996); OCGA § 17-5-30 (b).

1. The State contends the trial court erred in granting Willis's motion to suppress because a warrant application containing omissions or misrepresentations of fact does not automatically create a basis for suppressing evidence. We agree that the mere presence of omissions or misrepresentations in an application for a search warrant does not automatically invalidate the warrant or require the suppression of any evidence found when the warrant was executed. *Kelly v. State*, 184 Ga. App. 337, 338-339 (1) (c) (361 SE2d 659)

(1987). But the trial court did not so rule; rather, it held that after omitting the untrue statements from the agent's affidavit, the balance of the information was insufficient to have established probable cause.

2. The State argues that even without the untrue statements, the affidavit contained sufficient information to establish probable cause for a search warrant. We disagree. In determining whether an affidavit sufficiently establishes probable cause, we look at the totality of the circumstances, and consider whether, given the information set forth in the affidavit in front of an issuing magistrate, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Citations and punctuation omitted.) *Elom v. State*, 248 Ga. App. 273 (1) (546 SE2d 50) (2001). In other words, did the magistrate have a substantial basis for concluding that probable cause existed? Here, without Bell's alleged statements that Willis had retrieved contraband from his house and hid it in the woods, and that Willis had bags, scales, and currency, presumably at his house although the affidavit does not even allege that, none of the information remaining in the affidavit refers to contraband in Willis's residence. As summarized by the State, the remaining information in the affidavit was that

(a) All of the confidential informant's predictive information during the operation that led to vehicle stop and the arrests of Bell and Willis proved accurate;

(b) During that undercover operation "the vehicle is seen" near Willis's residence;

(c) Willis's vehicle contained marijuana residue and smelled of marijuana;

(d) Bell, a passenger in Willis's car, had contraband on his person after an agent saw the men near Willis's residence;

(e) Bell pointed out Willis's house;

(f) The agent verified Willis lived at that house; and

(g) Willis had a prior marijuana possession conviction.

This information relates entirely to the events surrounding the undercover operation that led to the agents stopping Willis's car and finding contraband on Bell. The fact that the men were seen in the vicinity of Willis's residence does not establish probable cause that the residence contained drugs, nor does the fact that Bell knew where Willis lived. See *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987); *State v. Griffin*, 154 Ga. App. 361 (268 SE2d 412) (1980).

The trial court did not err in granting Willis's motion to suppress evidence uncovered during the May 8, 2008 execution of a search warrant at Willis's residence.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 15, 2010.

*Joseph K. Mulholland, District Attorney, Leopold F. Joh, Assistant District Attorney*, for appellant.
*Robert R. McLendon IV*, for appellee.